UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERARDO FLORES-BANDA,

    Defendant.
_____/

Case No. 2:25-mj-30484

Honorable Susan K. DeClercq
United States District Judge

Honorable Elizabeth A. Stafford
United States Magistrate Judge

**ORDER DENYING GOVERNMENT'S APPEAL OF MAGISTRATE JUDGE'S BOND DETERMINATION AND AFFIRMING MAGISTRATE JUDGE'S ORDER OF RELEASE ON BOND WITH CONDITIONS (ECF No. 12)**

This matter is before this Court on the Government's oral motion to appeal the magistrate judge's order of release for Defendant Gerardo Flores-Banda. Defendant is charged with illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a). *See* ECF Nos. 1; 5.

On August 1, 2025, Defendant made his initial appearance before Magistrate Judge David R. Grand. ECF No. 5. On August 5, 2025, a detention hearing was held before Magistrate Judge Elizabeth A. Stafford. ECF Nos. 10; 11. At the conclusion of the hearing, Judge Stafford ordered Defendant released on bond with conditions. *See* ECF Nos. 12; 13. The Government indicated that it would be appealing the

ruling, so Judge Stafford stayed the release order until 12:00 PM on Wednesday, August 6, 2025. *See* ECF No. 13.

Following the detention hearing, counsel for both parties appeared before this Court as presiding judge, in chambers and off the record. The Government indicated that it was appealing the magistrate judge's release order. But by that time, Defendant was already being transported back to the detention facility where he was being held, and there were no court interpreters available. Counsel for both parties, therefore, agreed that the undersigned would conduct the required *de novo* review based solely on review of the audio file of the August 5 detention hearing proceedings before Judge Stafford.

A release order by a magistrate judge may be reviewed by "the court having original jurisdiction over the offense" upon the filing of a motion for revocation of the order. 18 U.S.C. § 3145. The district court reviews a magistrate judge's pretrial detention order *de novo*, making an independent determination of the proper pretrial detention or conditions for release. *United States v. Amir*, No. 1:10-CR-00439, 2011 WL 2711350, at *3 (N.D. Ohio July 13, 2011) (quoting *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992)). The court need not defer to the magistrate judge's ultimate conclusion nor start from scratch, yet it must engage in some independent review of the decision. *United States v. Yamini*, 91 F.Supp.2d 1125, 1128 (S.D. Ohio, 2000) (quoting *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990)).

Having conducted a *de novo* review of the matter, this Court concludes that Judge Stafford's order of bond was proper. Here, Defendant is not charged with a violent crime, and he poses no danger to the community. True, he has some criminal history, but that criminal history does not involve violence either. As for risk of flight, Defendant has strong family ties to the community and his previous failure to appear more than 30 years ago does not suggest he is unlikely to appear *now*. Moreover, simply because there is a possibility of the imposition of an immigration detainer and Defendant being removed by the Government's sister agency, such facts do not establish that Defendant *himself* is either dangerous or a flight risk.

In sum, considering the factors outlined in 18 U.S.C. § 3142(g), Judge Stafford's order of release on bond was proper and will be affirmed.

Accordingly, it is **ORDERED** that the Magistrate Judge's Order of Release on Bond with Conditions, ECF No. 12, is **AFFIRMED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 8, 2025